UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-14010-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTERO RAMIREZ-GARCIA,

Defendant.
_____/



FILED by _____ D.C.

MAR 18 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

REPORT AND RECOMMENDATION ON DEFENDANT'S
ADMISSION TO VIOLATION NUMBER 2 AS SET FORTH IN
THE PETITION FOR VIOLATIONS OF SUPERVISED RELEASE

**THIS CAUSE** having come on to be heard for a probable cause and final evidentiary hearing on March 18, 2013, in respect to the pending Petition Alleging Violations Of Supervised Release and this Court having conducted a hearing, this Court recommends to the District Court as follows:

1. The Defendant appeared before this Court on March 18, 2013, for a probable cause and final hearing in respect to a Petition Alleging Violations Of Supervised Release alleging two violations set forth in the Petition which are as follows:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law. On or about December 10, 2012, in Pima County, Arizona, the defendant did commit an illegal re-entry after deportation contrary to Title 8, U.S.C. §1326(a). |
| **Violation Number 2** | **Violation of Special Condition**, by reentering the United States without the written permission of the Undersecretary for Border and Transportation Security. If the defendant reenters the United States within the term of supervised release, the defendant is to report to the nearest U.S. |

1

> Probation Office within 72 hours of the defendant's arrival. The defendant failed to do. On or about December 10, 2012, the defendant reentered the United States without the written permission.

2. After consultation with his attorney, the Defendant announced to this Court that he wished to admit Violation Number 2 as set forth in the Petition. The government announced that it agreed to dismiss Violation Number 1. This Court questioned the Defendant and made certain that he understood his rights in regards to an evidentiary hearing in respect to the alleged violations. Further, the Defendant acknowledged that he understood his rights in that regard and further understands that all that will remain will be for the District Court to conduct a sentencing hearing for final disposition in this matter.

3. The possible maximum penalties which the Defendant was facing were read into the record by the government which included advising the Defendant of the possibility of deportation after sentencing and the Defendant stated that he understood those penalties.

**ACCORDINGLY**, based upon the Defendant's admission to Violation Number 2 under oath, this Court recommends to the District Court that the Defendant be found to have violated his supervised release in respect to Violation Number 2 as set forth in the Petition and that a sentencing hearing be set at the earliest convenience of the District Court for final disposition of this matter.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 18th day of March, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Shaniek Maynard
AFPD Panayotta Augustin-Birch
U. S. Probation
U. S. Marshal